IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

BIZEDGE OF FLORIDA, LLC,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

CASE NO._____

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the action filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Bizedge of Florida, LLC v. Hartford Casualty Insurance Company*, Case Number 50-2022-CA-004497-XXXX-MB ("State Court Proceeding"), and in support thereof states as follows:

**SUMMARY**

1.    This matter is properly removed to the United States District Court for the Southern District of Florida. Specifically, this case is properly within the jurisdiction of the United States District Court for the Southern District of Florida because the parties to this matter have diversity of citizenship, and because the amount in controversy exceeds $75,000 in this matter.

**MEMORANDUM OF LAW**

**A. STATE COURT ACTION**

2.    This is a civil action brought by the above-referenced Plaintiff relating to a first party property insurance claim filed by Plaintiff. The Complaint filed by Plaintiff alleges a single

count against Hartford for Breach of Contract.

3. Plaintiff commenced the aforementioned lawsuit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Palm Beach County is within the Southern District of Florida and the West Palm Beach Division is the proper division within the Southern District. Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" Hartford are attached hereto as **Composite Exhibit "A."**

4. The present action was filed by the Plaintiff against the Defendant on or about May 3, 2022. The summons and complaint were served on the Defendant on or about May 16, 2022. As a result, pursuant to Fed. R. Civ. P. 6(a)(1), this removal is timely pursuant to 28 U.S.C. § 1446(b)(3)

5. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**B. DIVERSITY OF CITIZENSHIP**

6. Complete diversity of citizenship exists between the parties to this action such that removal is proper.

7. A defendant may remove an action to a United States District Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists where there is "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000." Davis v. Cannon Chevrolet-Olds, Inc., 182 F.3d 792, 794 (11th Cir. 1999). See also 28 U.S.C. § 1332. For a court to have complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.

3d 405, 412 (11th Cir. 1999).

8. "Citizenship is equivalent to domicile for purposes of diversity jurisdiction." See Simpson v. Fender, 445 F. Appx. 268, 270 (11th Cir. 2011) (citing McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)). A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment… to which he has the intentions of returning whenever he is absent therefrom." McCormick v. Anderhold, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

9. First, at all times relevant hereto, Plaintiff, Bizedge of Florida, LLC, was and is a citizen of the State of Florida.

10. Second, at all times relevant hereto, Defendant, Hartford, was and is an Indiana corporation with its principle place of business located in Hartford, Connecticut.

11. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1021 (11th Cir. 2004).

12. Upon information and belief, at all times relevant hereto, Jonnie Krysten Bacan f/k/a John Bacan was and is the only member of Bizedge of Florida, LLC. A copy of Plaintiff's Articles of Organization for Florida Limited Liability Company and 2021 Annual Report as maintained by the Florida Department of State is attached hereto as **Composite Exhibit "B."** For clarification, "John Bacan" is listed as the only Authorized Member of Plaintiff; however, on October 10, 2021, Plaintiff's Authorized Member legally changed her name to Jonnie Krysten Bacan in Broward County, Florida Case Number FMCE20013481. Furthermore, upon information and belief, Jonnie Krysten Bacan f/k/a John Bacan was and is domiciled in Florida. Plaintiff's Counsel has confirmed and admits that Plaintiff's Authorized Member legally changed her name

from John to Jonnie and that she is infact domiciled in Florida. See **Exhibit "C,"** Declaration of Justin Paul, attorney for Hartford, at ¶ 5. For the aforementioned reasons, Hartford maintains that Plaintiff is and was a citizen of the State of Florida.

13. "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." <u>Werner v. Busch Entertainment Corp.</u>, 2006 WL 2644920, 1 (MD Fla. 2006) <u>citing</u> <u>MacGinnitie v. Hobbs Group LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005).

14. The "nerve center" test is used to determine a corporation's principal place of business when the corporation's physical activities are dispersed across several states. The nerve center test determines a principal place of business by using the location of the corporation's corporate offices or headquarters. <u>See</u> <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181 (2010). Under the nerve center test, Hartford's principle place of business is in Connecticut.

15. In addition, Hartford filed the necessary documents with the Florida Secretary of State to establish that it is a corporation organized under the laws of Indiana and with a principal place of business in Connecticut. A copy of Hartford's Corporate Information and 2022 Annual Report as maintained by the Florida Department of State is attached hereto as **Composite Exhibit "D."**

16. Accordingly, Hartford is incorporated under the laws of Indiana and maintains its principal place of business in Connecticut.

17. Therefore, Hartford is and was a citizen of Indiana and Connecticut.

18. Consequently, complete diversity exists between Plaintiff and Hartford. Plaintiff is a citizen of Florida, while Hartford is a citizen of Indiana and Connecticut. Therefore, this action may be removed to this Court by Hartford, and this Court possesses removal jurisdiction of this

1051643\310952638.v1

action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

C. **AMOUNT IN CONTROVERSY**

19.     28 U.S.C. § 1332 states that the district courts shall have original jurisdiction in all civil actions where, *inter alia*, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Because the amount in controversy in the instant matter exceeds $75,000, removal is proper.

20.     Where, as here, the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

21.     "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." Pretka, 608 F.3d at 755. Indeed, courts recognize that defendants may introduce a wide range of evidence in order to satisfy the jurisdictional requirements of removal. See Gillinov v. Hillstone Test. Group, Inc., 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015) ("The Court may consider a pre-suit demand

1051643\310952638.v1

letter in determining whether the amount in controversy requirement is satisfied."); see also <u>Swain v. Am. Sec. Ins. Co.</u>, No. 17-21688-CIV-MARTINEZ/AOR, 2017 U.S. Dist. LEXIS 145147, at *4 (S.D. Fla. Aug. 14, 2017) (finding a defendant met its burden in establishing the amount in controversy exceeded the threshold for diversity jurisdiction when it provided a copy of plaintiff's Civil Remedy Notice that identified plaintiff's total claim value of $153,194.67 not including attorney's fees and costs.); see also <u>Freeman v. Geovera Specialty Ins. Co.</u>, No. 20-61799-CIV-SMITH, 2020 U.S. Dist. LEXIS 253148, at *4 (S.D. Fla. Oct. 28, 2020) (finding a defendant met its burden in establishing the amount in controversy exceeded the threshold for diversity jurisdiction when plaintiff estimated the amount of her claim to be $77,744 on the civil cover sheet attached to the complaint because the defendant relied on the evidence available to it at the time of removal).

22. Here, the amount in controversy exceeds $75,000 as demonstrated by at least four different documents, including, in chronological order: (1) Plaintiff's or Plaintiff's agents' January 9, 2021 claim breakdown to Hartford for the total sum of $174,179.26 (See **Exhibit "E,"** Declaration of Joseph Gillis, Hartford's Corporate Representative, at ¶ 6 & Ex. 2), (2) Plaintiff's May 3, 2022 Civil Remedy Notice against Hartford containing a demand for the sum of $605,409.49, plus statutory attorneys fees pursuant to Fla. Stat. § 627.428 (See id., at ¶ 9 & Ex. 3), (3) Plaintiff's May 3, 2022 Civil Cover Sheet filed with this lawsuit that characterizes its claim as being for $605,409 from Hartford **(Exhibit "F,")** and (4) Plaintiff's May 27, 2022 demand to the undersigned counsel for the sum of $150,000 new money, inclusive of attorneys' fees and costs **(Exhibit "G.")**

23. The only anticipated argument against removal is that the matter in controversy does not exceed this Court's jurisdictional amount of $75,000.00. However, "when a statute

authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808, n.4 (11th Cir. 2003); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); Leslie v. Conseco Life Ins. Co., 2012 U.S. Dist. LEXIS 130508 (S.D. Fla. 2012) (noting that demand for attorney's fees pursuant to section 627.428 of the Florida Statutes was included in the amount in controversy); Wilson v. Time Ins. Co., 2006 U.S. Dist. LEXIS 51181 (M.D. Fla. 2006) (same).

24. Accordingly, because Fla. Stat. § 627.428, which the Plaintiff cites in his Complaint against Defendant, authorizes the recovery of attorneys' fees, a reasonable amount of those fees should be included in the amount in controversy.

> Under Florida law, the award of attorney's fees in an insured's action against an insurer, upon rendition of judgment, is statutory. See Fla. Stat. § 627.428(1). . . "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); see also State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832 (Fla. 1993) (finding that the terms of section 627.428 are an implicit part of every insurance policy); see also Brown v. Cunningham Lindsey U.S., Inc., 2005 WL 1126670 (M.D. Fla. May 11, 2005) (including attorneys' fees to be incurred during discovery and trial); Destel v. McRoberts Protective Agency, Inc., 2004 WL 746293 (S.D. Fla. 2004) (including attorneys' fees to be incurred for "conducting discovery, preparing for trial, and trying the case").

25. Further, given the nature of Plaintiff's claims against Hartford, which will inevitably require extensive discovery, motion practice, and mediation(s), the amount of reasonable attorney's fees sought by counsel for Plaintiff, in addition to the damages claimed, will undoubtedly exceed $75,000.

26. Accordingly, based upon Plaintiff's pre-suit claim breakdown, the Civil Remedy Notice, the Civil Cover Sheet, Plaintiff's post-suit settlement demand, and demands for statutory

attorney's fees, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

**D. VENUE**

27. Hartford seeks to remove to the United States District Court for the Southern District of Florida. Venue is proper in this district under 28 U.S.C. §1441(a) because this district includes the place where the removed action has been pending.

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states…

28 U.S.C. § 1441 reads, in relevant part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residents of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28. The instant action meets all the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, and Defendant's Petition for Removal was filed timely.

**E. COMPLIANCE WITH 28 U.S.C. § 1446(D)**

1. Defendant files with this Notice, copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules

of this Court, including:

    a. Notice of Service of Process, Summons, Complaint with Exhibit, Civil Cover Sheet, Plaintiff's First Request for Production to Defendant, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Admissions to Defendant, Plaintiff's Notice of Taking Video Deposition of Defendant's Corporate Representative, Fifteenth Judicial Circuit in and for Palm Beach County's Standing Order for Case Management, Plaintiff's Notice of Designation of Email Address, and a printout of the docket (Composite Exhibit A);

2. Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

WHEREFORE, HARTFORD CASUALTY INSURANCE COMPANY, respectfully moves this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated.

Dated: June 14, 2022.

                **HINSHAW & CULBERTSON, LLP**

                */s/ Rory Eric Jurman*
                Rory Eric Jurman
                Florida Bar No. 194646
                Primary: rjurman@hinshawlaw.com,
                Secondary:
                dsmellie@hinshawlaw.com
                rejeserve@hinshawlaw.com

                Jenelle E. La Chuisa
                Florida Bar No. 539988
                Primary: jlachuisa@hinshawlaw.com
                Secondary: vharris@hinshawlaw.com

                One East Broward Boulevard
                Suite 1010
                Ft. Lauderdale, FL 33301
                Telephone: 954-467-7900
                Facsimile: 954-467-1024
                Attorneys for Defendant,
                HARTFORD CASUALTY
                INSURANCE COMPANY